Filed 12/29/14  P. v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C075303 |
| v. | (Super. Ct. No. 12F04460) |
| CHARLIE JONES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Charlie Jones asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On June 26, 2012, Huy Tran was driving home from a bakery and believed he was being followed.  When he got home, he went to the garage to put the trash cans on the side of the house and defendant and two other men ran up to him and demanded money.

1

The robbers took Tran into the house, made him lie face down in the bedroom, and ransacked his home. They stole his phone, a Rolex watch, $130 in currency, a number of two dollar bills, and a jar of state quarters. Defendant also made a criminal threat against Tran.

An information charged defendant with residential robbery (Pen. Code, § 211),[1] criminal threats (§ 422), and felony false imprisonment (§ 236). The information further alleged the offenses were committed in concert (§ 213, subd. (a)(1)(A)), defendant personally used a firearm (§ 12022.53, subd. (b)), and defendant was 16 years old at the time of the offense (Welf. & Inst. Code, § 707, subd. (b)).

Defendant pled no contest to residential robbery and criminal threats and admitted the enhancement allegations. In accordance with the plea, the trial court dismissed the false imprisonment charge and sentenced defendant to serve an aggregate term of 19 years 8 months in state prison. The trial court awarded defendant 535 days of presentence custody credit and ordered him to pay a $240 restitution fund fine. (§ 1202.4.) The trial court denied defendant's request for a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Undesignated statutory references are to the Penal Code.

DISPOSITION

The judgment is affirmed.


                                        _____HOCH_____, J.



We concur:



____NICHOLSON____, Acting P. J.



_____MAURO_____, J.



3